UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD GOINS, | ) | |
| | ) | Case No. 07 C 7209 |
| Plaintiff, | ) | |
| v. | ) | Judge Norgle |
| | ) | |
| P.O. CORBITT, | ) | Magistrate Judge Brown |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |

**DEFENDANT CORBETT'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant Corbett ("Defendant"), by and through one of his attorneys, Shneur Z. Nathan, hereby submits the foregoing answer to Plaintiff's complaint:

**COUNT I – FALSE ARREST**

1. This action is brought pursuant to the laws of the United states Constitution, specifically, 42 U.S.C. § 1983 and § 1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, LEONARD GOINS, and accomplished by acts and/or omission of the Defendant, P.O. CORBITT, committed under color of law.

**ANSWER: Defendant admits that Plaintiff purports to bring a civil rights action pursuant to 42 U.S.C. § 1983 and the laws of Illinois, but denies that the United States Constitution provides Plaintiff with a direct cause of action. Defendant admits that Plaintiff's complaint purports to seek relief for certain acts and/or omissions, but denies any wrongful conduct.**

2. Jurisdiction is based on Title 28 U.S.C. § 1343 and § 1331 and supplemental jurisdiction of the State of Illinois.

**ANSWER: Defendant admits that jurisdiction is proper in the United States District Court for the Northern District of Illinois.**

3. The Plaintiff, LEONARD GOINS, at all relevant times was a United States citizen and a resident of the State of Illinois.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the above paragraph.**

4. The Defendant, P.O. CORBITT, was a duly appointed Chicago Police officer acting within the scope of his employment and under color of law.

**ANSWER: Defendant admits the allegations set forth in the above paragraph.**

5. On or about October 29, 2006, the Plaintiff, LEONARD GOINS, went to 817 W. Lake Street where he learned his son was under arrest.

**ANSWER: Defendant admits the allegations set forth in the above paragraph.**

6. The Plaintiff inquired about his son but then was asked to turn over his identification.

**ANSWER: Defendant admits Plaintiff asked about his son and was asked to turn over his identification, but denies that the above paragraph fully and accurately describes those events.**

7. The Defendant saw other officers who then left with his identification.

**ANSWER: Defendant admits that he saw other officers, but denies seeing those officers leave with Plaintiff's identification.**

8. The Plaintiff then went to the police station at Monroe and Lake to inquire about his son and get his identification.

**ANSWER: Defendant admits Plaintiff went to a police station but denies it was located at Monroe and Lake. Answering further, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in the above paragraph.**

9. Without any just cause, the Defendant, P.O. CORBITT, with other officers, grabbed Plaintiff, threw him to the counter and then arrested him.

**ANSWER: Defendant admits he grabbed and arrested Plaintiff, but denies the remaining allegations set forth in the above paragraph.**

10. There was no probable cause or basis to arrest the Plaintiff.

>  **ANSWER: Defendant denies the allegations set forth in the above paragraph.**

11. The Plaintiff was not committing a crime or breaking any laws.

>  **ANSWER: Defendant denies the allegations set forth in the above paragraph.**

12. At all relevant times, the Defendant was acting pursuant to customs and policies of the Chicago Police Department.

>  **ANSWER: Defendant admits the allegations set forth in the above paragraph.**

13. The actions of the Defendant were intentional, willful, and with malice.

>  **ANSWER: Defendant denies the allegations set forth in the above paragraph.**

14. As a result of the arrest and the manner of the arrest, the Plaintiff had to be taken to the hospital.

>  **ANSWER: Defendant admits Plaintiff was taken to the hospital, but denies the remaining allegations set forth in the above paragraph.**

15. Said actions of the Defendant, P.O. CORBITT, violated Plaintiff, LEONARD GOINS's, Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. § 1983.

>  **ANSWER: Defendant denies the allegations set forth in the above paragraph.**

16. As a direct and proximate consequence of said conduct of Defendant, P.O. CORBITT, the Plaintiff, LEONARD GOINS, suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering and monetary expenses.

>  **ANSWER: Defendant denies the allegations set forth in the above paragraph.**

**WHEREFORE, Defendant prays that this Court enter judgment in his favor on Plaintiff's Complaint, award Defendant such fees and costs as allowed by law, and grant such further relief as this Court deems just, fair, and proper.**

## AFFIRMATIVE DEFENSES

1. Defendant is entitled to qualified immunity. Defendant is a governmental official, namely a police officer, who performs discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant could have believed his actions to be lawful, in light of clearly established law and the information the Defendant possessed.

2. Any award of damages against the Defendant shall be reduced in proportion to the comparative fault of Plaintiff's own acts or omissions, including but not limited to Plaintiff's own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages.

3. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## JURY DEMAND

**Defendant demands trial by jury.**

Respectfully submitted,

/s/ Shneur Z. Nathan
SHNEUR Z. NATHAN
Counsel for Defendant Corbett

30 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-6413
Atty. No. 6294495

**CERTIFICATE OF SERVICE**

    I, Shneur Z. Nathan, an attorney, hereby certify that on February 5, 2008, I caused Defendant Corbett's Answer to Plaintiff's Complaint, Affirmative Defenses and Jury Demand to be served upon all counsel of record by filing the same before the Court via the ECF system.

                                              /s/ Shneur Z. Nathan
                                                  Shneur Z. Nathan